UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WALLACE FINCH, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:04-CV-531 RM |
| ) | |
| RAYMOND JUSTAK, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

This case is before the court on Wallace Finch's motion for relief from judgment pursuant to FRCP 60(b). Mr. Finch moves for relief because he is not demanding immediate release from custody, but is seeking relief that will render the state procedures used to deny him parole eligibility invalid. The Supreme Court recently held that these types of cases may be brought under 42 U.S.C. §1983, Wilkinson v. Dotson, 125 S. Ct. 1242 (2005), so the court will grant Mr. Finch's motion.

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A complaint states no actionable claim when it appears beyond doubt that the plaintiff can prove no set of facts consistent with his complaint that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed. 2d 59 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786, 791 (7th Cir. 1996). When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652. (1972). The court must accept the well-pleaded factual allegations as true, and "construe such allegations in favor of the plaintiff." Sherwin Manor Nursing Ctr. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994), *cert. denied*, 516 U.S. 862, 116 S.Ct. 172, 133 L.Ed.2d 113 (1995). Although ambiguities in the complaint should be interpreted in the plaintiff's favor, Canedy v. Boardman, 16 F.3d 183, 188 (7th Cir. 1994), the court need not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint, Coates v. Illinois State Bd. of Educ., 559 F.2d 445, 447 (7th Cir. 1977), or ignore factual allegations set forth in the complaint that undermine the plaintiff's claim. City Nat'l Bank of Florida v. Checkers, Simon & Rosner, 32 F.3d 277, 281 (7th Cir. 1994).
>
> * * *
>
> The Seventh Circuit has emphasized that "Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. at 73, 104 S.Ct. 2229.

Moore v. Speybroeck, 74 F.Supp.2d 850, 852-853 (N.D. Ind. 1999).

Mr. Finch alleges that he has been deprived due process in the illegal application of an ex post facto law that deprives him of a yearly parole hearing. Mr. Finch seeks monetary damages and injunctive relief in the form of correct application of the state law. Pursuant to Wilkinson, and giving Mr. Finch the benefit of the inferences to which he is entitled at the pleadings stage, the court

cannot say that he can prove no set of set of facts consistent with his denial of due process claim.

Mr. Finch names the Indiana Parole Board as a defendant. Though injunctive relief may be obtained from a person in his official capacity under the doctrine of Ex Parte Young (Holton v. Ind. Horse Racing Comm'n, 398 F.3d 928, 929 (7th Cir. 2005), the Eleventh Amendment prohibits suits against States and their agencies. Kashani v. Purdue University, 813 F.2d. 843, 845 (7th Cir. 1987). Therefore this claim and the Indiana Department of Correction, an agency of the State of Indiana, must be dismissed.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against the defendants in their individual and official capacities;

(2) **DISMISSES** the Indiana Parole Board;

(3) **DIRECTS** the clerk to transmit the summons and USM-285 for the defendants to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on the defendants ; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that the defendants respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: August 25, 2004

                                        /s/ Robert L. Miller, Jr.
                                        Chief Judge
                                        United States District Court